**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P6-H**

**JERRY LOTZ**                                                                 **PETITIONER**

**v.**

**GARY BECKSTROM**                                           **RESPONDENT**

**MEMORANDUM AND ORDER**

The petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of Kentucky (DN 1). By Order dated January 4, 2007, the Eastern District of Kentucky transferred the petitioner's case to this Court. The Court will now proceed to make a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the petitioner must show cause why his petition should not be dismissed as untimely.

**I.**

The procedural history of this matter was summarized by the Kentucky Court of Appeals as follows:

> Lotz was convicted under multiple indictments in Jefferson Circuit Court. In open court on July 25, 2003, the Jefferson Circuit Court, pursuant to a plea bargain agreement between Lotz and the Commonwealth of Kentucky, convicted Lotz in indictment number 03-CR-001413 of two counts of third-degree burglary and sentenced Lotz to a total of two years' imprisonment, with this sentence ordered to be served consecutively to his sentences under indictment numbers 02-CR-002226 and 02-CR-002492. Under indictment number 02-CR-002226, Lotz was convicted of receiving stolen property and operating a motor vehicle while license revoked or suspending for driving under the influence second-offense with aggravating circumstances. Lotz was sentenced to a total of five years' imprisonment for this indictment, with this sentence to run consecutively to the sentence received in indictment number 03-CR-001413. Finally, under indictment number 02-CR-002492, Lotz was convicted of being a second-degree persistent felony offender, which enhanced his total sentence under indictment number 02-CR-002226 to a total of six years. This six year prison sentence was ordered to be served consecutively

with the two-year sentence received in indictment number 03-CR-001413 for a total prison sentence of eight years.

The judgment and conviction and sentence entered by the Jefferson Circuit Court on August 7, 2003, did not accurately reflect the oral judgment imposed on Lotz for his convictions during his July 25, 2003, sentencing hearing. According to the written judgment for case numbers 03-CR-001413 and 02-CR-002226, the judgment states that "Indictment 02CR06076 is dismissed with prejudice. Indictment 03CR1413-Burglary III (2 counts) 2 years each count; concurrent; but consecutive with 6 year sentence to be offered in 02CR2492, 02CR226 and 02CR0676 total 8 years."

On November 21, 2003, a records supervisor for the Department of Corrections sent a letter to the Jefferson Circuit Court advising the trial court that the Department, from the text of its written judgment, was unable to commit Lotz to custody for the 6-year sentence he received in indictment numbers 02-CR-002226 and 02-CR-002492 because no judgment was ever entered in those two indictments. The only judgment of conviction against Lotz entered by the Jefferson Circuit Court was in 03-CR-001413, which sentenced Lotz to 2 years' imprisonment and ordered his sentence to be run with the 6-year sentences that was "to be offered" in indictment numbers 02-CR-002226 and 02-CR002492. Thus, according to the Department, Lotz was only sentenced to a total of two years' imprisonment.

Upon learning of this error, the Jefferson Circuit Court entered an amended judgment of conviction on February 27, 2004, which stated that Lotz was to serve a total of eight years imprisonment for his convictions in Jefferson Circuit Court.

*Lotz v. Beckstrom*, No. 2006-CA-000984-MR (Ky. App. Jul. 19, 2006).

On January 27, 2006, the petitioner filed a writ of habeas corpus in Elliott Circuit Court asserting that he was being held unlawfully because the Jefferson Circuit Court lacked jurisdiction to modify his sentence.[1] The Elliot Circuit Court denied his petition on March 24, 2006, and the petitioner appealed to the Kentucky Court of Appeals. The Kentucky Court of Appeals affirmed the Elliot Circuit Court. The Kentucky Supreme Court denied discretionary

---

[1]The petitioner actually stated that he filed the petition on March 24, 2006. However, this was the date that the Elliott Circuit Court dismissed his petition. The Elliot Circuit Court Clerk has confirmed that the petition was actually filed on January 27, 2006.

review on December 13, 2006. The petitioner then commenced the instant action on December 20, 2006.

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner did not file a direct appeal of his amended judgment of conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's conviction thus became

final on March 29, 2004, thirty days after the trial court entered the amended judgment of conviction.² *See* RCr 12.04. "The one-year period of limitations is tolled by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003)(quoting 28 U.S.C. § 2244(d)(2)). In the instant case, neither this § 2254 petition nor any state post-conviction motions were filed or pending during the one-year period from March 29, 2004, to March 29, 2005. Thus, the statute of limitations expired on March 29, 2005, over a year and a half before this action was filed.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ignorance of the law alone, however, does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Accordingly, based on the foregoing, it appears that the petitioner's § 2254 petition should be summarily dismissed by the Court as barred by the applicable one-year statute of limitations. Before dismissing the action on this ground, however, the Court will provide the petitioner with an opportunity to respond. *Day v. McDonough*, 547 U.S. 198 (2006)("[B]efore

---

²The thirtieth day actually fell on Sunday the 28th, giving the petitioner until the following business day.

acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this memorandum order, the petitioner must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations. Failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:

cc: Petitioner, *pro se*

4412.008